UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. LEWIS,

          Plaintiff,

     v.                                             Case No. 12-C-1204

BAY INDUSTRIES, INC.,
AWS/gb/ CORP., and
SCHMIDT ACQUISITION 114 INC.,

          Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

On November 11, 2012, Plaintiff Timothy J. Lewis filed a complaint alleging unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 and wrongful discharge contrary to Wisconsin law. In lieu of filing an answer, Defendants filed a motion to dismiss and/or strike Lewis' complaint and/or for a more definite statement. Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after service of either "a responsive pleading or . . . a motion under Rule 12(b) . . . whichever is earlier." Lewis filed an amended complaint on February 15, 2013, within the time allotted for amending in accord with Rule 15. Subsequently, Defendants filed an amended motion to dismiss renewing their original motion and incorporating by reference its brief in support of that motion. (ECF No. 8.) Though no response to defendant's motion has yet been filed, it is clear from a recent decision by the Seventh Circuit that the motion should be denied. In the interest of avoiding unnecessary delay and expense, the court will deny the motion without waiting for it to be fully briefed and direct the Clerk to set the case on the calendar for scheduling.

Defendants' primary argument is that Lewis' original and amended complaints are insufficient in that the complaints do not comply with Rule 8(a)(2)'s requirement that a pleading "contain a short and plain statement of the claim." The original complaint spanned 29 pages with 95 numbered paragraphs. Defendants asserted that much of the original complaint contained extraneous information and did not make clear which of the multiple defendants was responsible for the alleged wrongdoing. (Defs. Br. in Supp. 2 (stating that Defendants bring the motion "[b]ecause of Plaintiff's rambling, voluminous, indiscriminate allegations against all three Defendants"). Lewis' amended complaint now spans 31 pages containing 108 paragraphs.

A recent decision by the Seventh Circuit explains that the word "short" in Rule 8(a)(2) "is a relative term." *Kadamovas v. Stevens*, __ F.3d __, 2013 WL 452482, at *1 (7th Cir. Feb. 7, 2013). Length as opposed to unintelligibility needs to be distinguished. *Id.* The *Kadamovas* court points out that in light of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a plaintiff must now show plausibility" and consequently "complaints are likely to be longer—and legitimately so—than before *Twombly* and *Iqbal*." *Id.* at *2. Therefore, Rule 8's brevity requirement "must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish their plausibility—and the Supreme Court requires that a complaint establish the plausibility of its claims." *Id.* at *1.

That Lewis' amended complaint spans 31 pages alone is not sufficient to declare that it fails to comply with Rule 8(a)(2). To be sure, the amended complaint is, in this court's view, longer than necessary. It provides detailed factual allegations evidently intended to forestall any motion to dismiss under Rule 12(b)(6). Rule 8(a)(2) is not a license for the court or opposing parties to act

2

as editors, however. It states the minimum requirements for a complaint, and should not be read as inviting motion practice over matters of style and taste. Lewis' amended complaint cannot be described as being of such inordinate length that it is rendered unintelligible as a result. *See, e.g., United States ex ere. Garst v. Lockheed-Martin Corp.*, 238 F.3d 374, 378 (7th Cir. 2003) ("[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."). Unlike the complaint in *Garst* where the complaint spanned 155 pages and contained 400 paragraphs, Lewis' amended complaint contains 31 pages with 108 paragraphs and is quite intelligible. Though this may seem excessive since Lewis only has two claims, his claims involve allegations of retaliation and wrongful discharge which requires specific mental states that are generally determined from surrounding circumstances that are factually intense. In light of Lewis' burden to plead sufficient factual content so his complaint states a claim to relief that is "plausible on its face," the Court does not conclude that he runs afoul of Rule 8's brevity requirement. *See Iqbal*, 556 U.S. at 678; *Kadamovas*, 2013 WL 452482, at *3 (holding that prisoner's complaint spanning 99 pages did not violate Rule 8's requirement that a pleading contain a short and plain statement of the claim).

Defendants also argue that Lewis' amended complaint is deficient because he failed to identify which of the named defendants his allegations apply to. Lewis names three corporate defendants in his amended complaint: AWS/gb Corporation, Schmidt Acquisition 114, Inc., and Bay Industries, Inc., all of whom are treated collectively as his employer. Lewis alleges that he was an employee and executive for all three defendants. (*See* Am. Compl. ¶¶ 7, 21-23.) He also alleges that Daniel Schmidt, the president of all three defendants, made the decision to terminate his employment. (*Id.* at ¶¶ 71-72.) Lewis alleges that Schmidt's decision to terminate his employment

3

with each of the defendants violated his rights under federal and state law. Contrary to Defendants' assertion, Lewis' amended complaint outlines the principal persons involved in the factual allegations, their relationship to the respective defendants (*see, e.g., id.* at ¶ 11), and the grounds to state his claim against each of the defendants.

Although Lewis' amended complaint is perhaps lengthier than one would like, it is not so lengthy as to become unintelligible and there are sufficient allegations to specify which defendant Lewis' claims apply to (here, all three). Defendants also request, if their motion to dismiss is denied, that the Court strike those portions of Lewis' complaint that are deemed superfluous. The Court does not find that there is a sufficient need to strike Lewis' allegations in his amended complaint. Therefore, the Court declines Defendants' request to be an editor. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Judges enjoy liberal discretion to strike pleadings under Rule 12(f)."). Accordingly, Defendants' motions to dismiss and/or strike (ECF Nos. 4 & 8) are **denied**. The Clerk is directed to set this matter on the court's calendar for scheduling.

**SO ORDERED** this   5th   day of March, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court