# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. LEWIS,

        Plaintiff,

    v.                                   Case No. 12-C-1204

BAY INDUSTRIES, INC.,
AWS/gb/ CORP., and
SCHMIDT ACQUISITION 114 INC.,

        Defendants.

## ORDER GRANTING [60] PLAINTIFF'S MOTION FOR STAY OF SUMMARY JUDGMENT DECISION AND FOR LEAVE TO FILE SANCTIONS BRIEF EXCEEDING THE PAGE LIMIT

Plaintiff has filed a motion to stay the Court's decision on the defendants' motion for summary judgment pending the filing of his own sanctions motion. (ECF No. 60.) Plaintiff indicates that he intends to file a motion for sanctions pursuant to Fed. R. Civ. P. 37 based on Defendants' alleged failure to preserve and disclose relevant emails during the discovery process. Plaintiff also indicates that he plans to file the motion by June 20, 2014, and he intends to seek relief under Fed. R. Civ. P. 37 plus an adverse inference for the destruction of relevant evidence. The Court is unable to determine at this time whether Plaintiff's allegations that Defendants destroyed or failed to produce evidence have merit. If the allegations have merit, however, Plaintiff's contemplated sanctions motion could impact the defendants' pending motion for summary judgment. If the Court granted summary judgment for Defendants before considering a meritorious sanctions motion, Defendants could potentially be rewarded for destroying or withholding evidence.

It is arguable that Plaintiff should have raised the issue of sanctions as part of his response to Defendants' motion for summary judgment. However, Plaintiff's response was due in April 2014 and it appears that he was unable to depose several IT consultants until May 2014. Plaintiff also contends that he attempted to resolve the issues without motion practice. Given these circumstances, Plaintiff's delay was not unreasonable. Accordingly, the Court hereby grants Plaintiff's motion to stay decision on Defendants' motion for summary judgment until Plaintiff's sanctions motion is decided, provided that Plaintiff files his motion by June 20, 2014. If Plaintiff needs additional time, he must seek leave from the Court.

Additionally, Plaintiff seeks to enlarge the page limit provided by Civil L. R. 7(f) for the parties' sanction briefs to 40 pages in length, excluding caption, cover page, table of contents, table of authorities, and signature block. Plaintiff asserts that good cause exists because of the substantial amount of facts at issue. The Court will grant this request but cautions the parties that they should only utilize the additional page space if necessary. Plaintiff's opening brief and the defendants' responsive brief may be up to 40 pages, but Plaintiff's reply brief will be limited to 15 pages. Plaintiff's motion for leave to file a reply brief in support of its motion to stay the Court's summary judgment decision (ECF No. 65) is denied as moot.

Dated at Green Bay, Wisconsin, this 18th day of June, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court